UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Derek J. Myers** <br> 40 South Walnut Street, #222 <br> Chillicothe, OH 45601 <br><br> and <br><br> **NewsPatrol, Inc. d/b/a** <br> **Scioto Valley Guardian** <br> 40 South Walnut Street, #222 <br> Chillicothe, OH 45601 <br><br>     Plaintiffs, <br><br> vs. <br><br> **Pike County, OH c/o Pike County,** <br> **Ohio Commissioners' Office** <br> 230 Waverly Plaza, Ste. 1000 <br> Waverly, OH 45690 <br><br> and <br><br> **Sheriff Tracy Evans** <br> c/o Pike County Sheriff's Office <br> 14050 US-23 <br> Waverly, OH 45690 <br><br> **In his official and** <br> **personal capacities** <br><br> and <br><br> **Deputy Josh Carver** <br> c/o Pike County Sheriff's Office <br> 14050 US-23 <br> Waverly, OH 45690 <br><br> **In his official and** <br> **personal capacities** <br><br> and | Case No. 2:23-cv-4102 <br><br> Judge |

|  |  |
|---|---|
| **Captain Jim Burchette** <br> **c/o Pike County Sheriff's Office** <br> **14050 US-23** <br> **Waverly, OH 45690** <br><br> **In his official and** <br> **personal capacities** <br><br><br> **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

_____

# COMPLAINT AND JURY DEMAND
_____

Plaintiffs Derek J. Myers ("Myers") and NewsPatrol, Inc. d/b/a Scioto Valley Guardian ("The Guardian") for his and its complaint against Defendants, Pike County, OH ("Pike County"), Sheriff Tracy Evans ("Evans"), Deputy Josh Carver ("Carver"), and Captain Jim Burchette ("Burchette"), state as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights complaint arising out of actions taken under color of state law by Defendants Pike County, Evans, Carver, and Burchette which violated the constitutional and statutory rights and privileges of Myers and The Guardian to 1) freedom of speech and freedom of the press under the First and Fourteenth Amendments of the United States Constitution; 2) protection from unreasonable searches and seizures and malicious prosecution under the Fourth and Fourteenth Amendments of the United States Constitution and the law of the state of Ohio; 3) redress for unlawful searches and seizures of documentary materials as that term is defined in the Privacy Protection Act of 1980 ("PPA").

2. More specifically, on or about October 28, 2022, under the byline Derek Myers, The Guardian lawfully published edited portions of public testimony elicited

during a highly publicized criminal trial of George Wagner IV taking place in the Pike County Court of Common Pleas.

3. The published article was derived from an audio recording of the subject testimony taken by an unidentified source who was present in the courtroom when the testimony was provided.

4. Following, and because of, the publication of the aforementioned article, Defendants effectuated the arrest and prosecution of Myers as well as the seizure of his electronic communication devices.

5. Myers and The Guardian bring this action pursuant to 42 U.S.C. § 1983 to redress violations of the First, Fourth, and Fourteenth Amendments as well as under the PPA for 1) all economic and non-economic injuries he and it suffered as a direct and proximate result of Defendants' unlawful actions; 2) the return of all communication devices that were unlawfully seized; 3) an assessment of punitive damages against the individual Defendants; and 4) an award for Plaintiffs' costs and reasonable attorneys' fees incurred in the prosecution of this action.

## II. JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over Plaintiffs' federal and constitutional claims pursuant to 28 U.S.C. § 1331. The Court may assume supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 as said claim derives from the same nucleus of operative facts as the federal claim.

7. Venue with this Court is appropriate because the actions complained of herein occurred within this federal judicial district.

## III. PARTIES

8. Plaintiff The Guardian, a for-profit newspaper of general circulation serving Central Ohio, is owned and published by NewsPatrol, Inc., with headquarters located in Chillicothe, Ohio.

9. Plaintiff Myers is a news journalist who at all times relevant hereto was the Editor-in-Chief of The Guardian.

10. Defendant Pike County is an Ohio government body authorized by the Ohio General Assembly to provide public services and functions for and to the citizens of that county. Among those services and functions is the operation and maintenance of the office of a county sheriff pursuant to the provisions of Chapter 311 of the Ohio Revised Code. The primary purpose of the Sheriff's Department is to maintain the peace, to investigate crime, and to enforce compliance with the laws. Pike County is a body corporate and politic pursuant to R.C. 301.22.

11. Defendant Evans was at all times relevant hereto the duly elected Sheriff of Pike County. By reason of his statutory authority he was the final decision maker for Pike County with respect to the effectuation of arrests and seizures conducted by the Pike County Sheriff's Department. Evans is sued in his official and personal capacities.

12. Defendant Carver was all times relevant hereto a duly appointed employee of the Pike County Ohio Sheriff's Department. Defendant Carver is sued in his official and personal capacities.

13. Defendant Burchette was at all times relevant hereto a duly appointed employee of the Pike County Ohio Sheriff's Department. Defendant Burchette is sued in his official and personal capacities.

**IV. STATEMENT OF THE CASE**

14. As widely reported in the press, on or about April 21, 2016, eight individuals, belonging to the Rhoden family, were shot and killed, execution style, in adjacent homes situated in Pike County, Ohio.

15. In 2018, following what was described in media accounts as perhaps the most intensive murder investigation in local history, the Ohio Attorney General's Office stated that four members of the Wagner family had been arrested and charged with the murders of the Rhoden family members. Reportedly, the arrestees were to varying degrees known to, acquainted with, and even related to some of the deceased victims.

16. News of the gruesome murders garnered intense public interest and speculation, which in a short time spawned copious news stories and reportage throughout the local, state, and regional media.

17. By the summer of 2022, all but two of the murder prosecutions against the Wagners had been resolved by guilty pleas. In addition to the trial of George Wagner IV at issue in this case, one additional Wagner family member, patriarch George "Billy" Wagner III, is set to go to trial in May 2024.

18. On or about July 1, 2022, pursuant to Rule 12 of the Rules of Superintendence for the Courts of Ohio, the state trial judge presiding over the trial of Mr. Wagner IV entered a "media order" which outlined the courtroom decorum expected of members of the media covering the trial.

19. The media order further provided, in pertinent part, as follows:

> "Each witness has the right to object to being filmed, videotaped, recorded, or photographed. Any witness who so requests shall not be recorded (either audio or video), televised or photographed. During the testimony of the objecting witness all media personnel are prohibited from employing any means to record the witness in or out of the Courtroom. **Under no circumstances shall there be any**

> **media recording of the image of potential jurors or jurors, regardless of whether the potential jurors or jurors are in the courtroom or in the courthouse or any other facility [sic] or locations where proceedings in this matter are held."**[1]

20. The trial against George Wagner IV commenced on September 12, 2022.

21. On October 24, 2022, the prosecution called as one of its witnesses Edward "Jake" Wagner, the brother of the Defendant. Before testifying and pursuant to the trial court's Media Order, the witness evinced his wish to opt out of being filmed, videotaped, recorded, or photographed while testifying.

22. Over the formal objection of Plaintiffs and other media outlets, the trial judge determined that the testimony of Jake Wagner would not be filmed or recorded.

23. On October 28, 2022, The Guardian, under the byline Derek Myers, published an article based upon an approximately ten-minute audio recording which was edited and condensed to what the newspaper represented to be "highlights" of Jake Wagner's trial testimony that was given on October 24, 2022.

24. A copy of the audio recording on which the article was based was provided to Myers by an unidentified source(s) who was/were in the courtroom when Jake Wagner testified.

25. Neither Myers, nor any representative, employee, or agent of The Guardian participated in, encouraged, caused, or aided or abetted the recording of the testimony in question.

---

[1] According to Rule 12 of the Rules of Superintendence of the Courts of Ohio, "the judge shall inform victims or witnesses of their right to object to being filmed, videotaped, recorded, or photographed."

26. On October 21, 2022, a warrant was signed and processed by Carver for the physical arrest of Myers for the Interception of Wire, Oral, or Electronic Communications in violation of § 2933.52(A)(3) of the Ohio Revised Code, a felony in the fourth degree.

27. On November 1, 2022, Myers voluntarily turned himself in for booking at the Pike County Sheriff's Office. As a condition of his release from custody Myers posted a cash/surety bond and provided a bail bondsman with 10% of that sum in cash to secure his appearance in court.

28. On the same date, Carver processed and executed a search warrant for Myers' laptop computer, which Myers had brought to the media room to aid in his efforts to perform his journalistic duties at trial on behalf of The Guardian.

29. Two days later, after his arraignment in the Pike County Court, Myers returned to the courthouse to retrieve his laptop, not knowing that it had been seized earlier in the day. Upon his arrival he was confronted by Burchette who informed him he could not take his cellphone into the courtroom. When Myers told Burchette he was not intent on entering the courtroom but rather the media room where cellphones were permitted, Burchette said, "On second thought, I think I have a warrant for this." When Myers protested, Burchette seized the cellphone from Myers' possession. To the best of Myers' knowledge and belief, no warrant was ever issued for the cell phone. Instead, Burchette merely took the return receipt from the previous warrant issued solely for the laptop and used an ink pen to scribble in the cell phone on the inventory seizure list.

30. On November 2, 2022, Myers was arraigned in the Court of Common Pleas on his felony charge, and the case against him was then bound over to the grand jury for further consideration. Myers remained free on bail.

31. Since the day of his arraignment, no further efforts were made by the prosecutor's office to pursue criminal charges against Myers. Rather, on August 10, 2023, the prosecutor, who was appointed to office after the charges were lodged against Myers, presented an oral motion to the trial court to have the criminal complaint against Myers dismissed on the grounds that "Myers had been bound over the Pike County Grand Jury on November 2, 2023 [sic], and that no final action had been taken by the same grand jury." Accordingly, the court entered an order that the action be dismissed without prejudice. Since the dismissal, no efforts have been made by the prosecution to revive the charges against Myers, nor have any additional charges been brought against him.[2]

32. At the time the criminal charge of illegal interception of wire, oral, or electronic communications was lodged against Myers, Defendants knew, or as county law enforcement officials reasonably should have known that it was clearly established in this judicial district, and in all judicial districts throughout the country, that if a journalist lawfully obtains truthful information about a matter of public significance state officials may not constitutionally punish publication of the information, absent a need of the highest order.[3]

33. Defendants' actions, taken under color of state law, as previously described, in seizing, arresting, and criminally prosecuting Myers and in seizing and withholding Myers' laptop computer and cellphone, were taken without probable cause, knowingly, intentionally, and purposefully, and maliciously, with a conscious disregard for Myers'

---

[2] Upon information, Myers believes and therefore avers that the county prosecutor represented to a third party on the date of the dismissal that he was not in favor of the criminal prosecution of Myers and that he has no intention of further pursuing the matter and that the prosecutor was pushed into the charges by his then-boss, the chief prosecutor, and the county Sheriff.
[3] *See Bartnicki v. Vopper,* 532 U.S. 514, 527-28 (2001).

constitutional rights under the First, Fourth, and Fourteenth Amendments, as well as the PPA.

34. The decision to criminally prosecute Myers and to seize his communication devises in the manner and for the reasons previously described was a manifestation of the official policies, practices, and customs of Pike County and served as the driving force for the unconstitutional actions of Defendants complained of herein.

35. As the direct and proximate result of Defendants' actions conducted in the manner and for the reasons previously described, Myers and The Guardian suffered deprivations of and interference with their constitutional and statutory rights and, in Myers' case, experienced emotional pain and damage to his professional reputation as a competent, honest, and law-abiding news journalist.

## V. CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF FREEDOM OF SPEECH
### (First Amendment)

36. Plaintiffs Myers and The Guardian incorporate paragraphs 1-35 as if fully written herein.

37. The previously described actions of Defendants Pike County and Evans charging Myers with violation of criminal law for publishing a news article containing testimony from a criminal trial of great public interest and significance violated Plaintiffs' rights to free speech under the First and Fourteenth Amendments of the United States Constitution.

### COUNT 2: VIOLATION OF FREEDOM OF THE PRESS
### (First Amendment)

38. Plaintiffs Myers and The Guardian incorporate paragraphs 1-37 as if fully written herein.

39. The previously described actions of Defendants Pike County and Evans charging Myers with violation of criminal law for publishing a news article containing testimony from a criminal trial of great public interest and significance violated Plaintiffs' right to freedom of the press under the First and Fourteenth Amendments of the United States Constitution.

## COUNT 3: MALICIOUS PROSECUTION
## (Fourth Amendment)

40. Plaintiffs Myers and The Guardian incorporate paragraphs 1-39 as if fully written herein.

41. The previously described actions of Defendants Pike County, Evans, and Carver in processing and executing a criminal complaint against Myers without probable cause resulting in his physical arrest, seizure, and deprivation of his liberty constituted malicious prosecution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

## COUNT 4: MALICIOUS PROSECUTION
## (Ohio Law)

42. Plaintiffs Myers and The Guardian incorporate paragraphs 1-41 as if fully written herein.

43. The previously described actions of Defendants Pike County, Evans, and Carver in processing and executing a criminal complaint against Myers without probable cause resulting in his physical arrest, seizure, and deprivation of his liberty constituted malicious prosecution in violation of the laws of the state of Ohio.

## COUNT 5: UNREASONABLE SEARCH AND SEIZURE OF LAPTOP COMPUTER
## (Fourth Amendment)

44. Plaintiffs Myers and The Guardian incorporate paragraphs 1-43 as if fully written herein.

45. The previously described actions of Defendants Pike County, Evans, Carver, and Burchette in seizing and searching Plaintiffs' electronic devices utilized in pursuit of its and his journalistic purposes constituted a violation of their rights under the Fourth and Fourteenth Amendments of the United States Constitution .

### COUNT 6: UNREASONABLE SEARCH AND SEIZURE OF CELLPHONE
### (Fourth Amendment)

46. Plaintiffs Myers and The Guardian incorporate paragraphs 1-45 as if fully written herein.

47. The previously described actions of Defendants Pike County, Evans, and Burchette in seizing Plaintiff's cellphone without probable cause or a judicial warrant constituted an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

### COUNT 7: VIOLATION OF THE PRIVACY PROTECTION ACT OF 1980

48. Plaintiffs Myers and The Guardian incorporate paragraphs 1-47 as if fully written herein.

49. The previously described actions of Defendants Pike County, Evans, Carver, and Burchette in seizing and searching Plaintiffs' electronic devices utilized in pursuit of its and his journalistic purposes constituted violations of their rights under the Privacy Protection Act of 1980, 42 U.S.C. § 2000 aa.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs Derek J. Myers and The Guardian demand judgment against Defendants Pike County, Tracy Evans, Josh Carver, and Jim Burchette, and each of them, jointly and severally, as follows:

1. A judgment for compensatory damages for Plaintiffs' economic and non-economic injuries in an amount to be determined at trial;

2. A judgment for punitive damages against the individual Defendants in an amount to be determined at trial;

3. A judgment for an award of Plaintiffs' reasonable attorney fees and costs;

4. A judgment for such other relief in law or in equity that is appropriate under the circumstances.

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com

ROBINSON LAW FIRM LLC

/s/Emmett E. Robinson
Emmett E. Robinson (OH No. 0088537)
6600 Lorain Avenue #731
Cleveland, OH 44102
Phone: 216.505.6900
erobinson@robinsonlegal.org

*Attorneys for Plaintiffs Derek J. Myers and The Guardian*

## JURY DEMAND

Plaintiffs Derek J. Myers and The Guardian demand a jury trial to resolve issues of fact related to this Complaint.

/s/Marc D. Mezibov
Marc D. Mezibov (Ohio No. 0019316)