**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DEREK J. MYERS**, *et al.* : | |
| : | **Case No. 2:23-cv-4102** |
| PLAINTIFFS, : | |
| : | |
| v. : | |
| : | |
| **PIKE COUNTY**, *et al.*, : | |
| : | |
| DEFENDANTS. : | |

**ANSWER TO COMPLAINT**

Now come the Defendants, Pike County, Ohio, Sheriff Tracy Evans, Josh Carver, and Jim Burchette, by counsel, setting forth the following responses to Plaintiffs' Complaint:

**PRELIMINARY STATEMENT**

1. Defendants admit that this is a civil rights action against Defendants Pike County, Evans, Carver, and Burchette. Defendants deny the remaining allegations set forth in Paragraph 1.

2. Defendants admit that on or about October 28, 2022, Derek Myers published an article containing portions of testimony elicited during the trial of George Wagner IV, which took place in the Pike County Court of Common Pleas. Defendants deny the remaining allegations set forth in Paragraph 2.

3. Defendants deny the allegations set forth in Paragraph 3 for lack of sufficient knowledge.

4. Defendants admit that Myers was arrested and prosecuted, and his laptop and cell phone were seized. Defendants deny the remaining allegations set forth in Paragraph 4.

5. Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983. Defendants deny the remaining allegations set forth in Paragraph 5.

## JURISDICTION AND VENUE

6. Defendants admit the allegations set forth in Paragraph 6.

7. Defendants admit the allegations set forth in Paragraph 7.

## PARTIES

8. Defendants deny the allegations set forth in Paragraph 8 for lack of sufficient knowledge.

9. Defendants admit that Plaintiff Myers is a journalist. Defendants deny the remaining allegations set forth in Paragraph 9 for lack of sufficient knowledge.

10. Defendants admit the allegations set forth in Paragraph 10.

11. Defendants admit the allegations set forth in Paragraph 11.

12. Defendants admit the allegations set forth in Paragraph 12.

13. Defendants admit the allegations set forth in Paragraph 13.

## STATEMENT OF THE CASE

14. Defendants admit the allegations set forth in Paragraph 14.

15. Defendants admit that four members of the Wagner family were arrested and charged with the murders of the Rhoden family members. Defendants deny the allegations set forth in Paragraph 15 for lack of sufficient knowledge.

16. Defendants admit the allegations set forth in Paragraph 16.

17. Defendants admit the allegations set forth in Paragraph 17.

18. Defendants admit the allegations set forth in Paragraph 18.

19. Defendants admit the allegations set forth in Paragraph 19.

20. Defendants admit that the trial against George Wagner IV commenced on or about September 12, 2022.

21. Defendants admit that on or about October 24, 2022, Edward "Jake" Wagner, the brother of George Wagner IV, was called as a witness. Defendants admit that Jake Wagner opted out of being filmed, videotaped, recorded, or photographed while testifying. Defendants deny the remaining allegations set forth in Paragraph 21.

22. Defendants admit that Jake Wagner's testimony was not permitted to be filmed or recorded. Defendants deny the remaining allegations set forth in Paragraph 22 for lack of sufficient knowledge.

23. Defendants admit that on or about October 28, 2022, Derek Myers published an article based on an audio recording of Jake Wagner's trial testimony. Defendants deny the remaining allegations set forth in Paragraph 23 for lack of sufficient knowledge.

24. Defendants deny the allegations set forth in Paragraph 24 for lack of sufficient knowledge.

25. Defendants deny the allegations set forth in Paragraph 25 for lack of sufficient knowledge.

26. Defendants admit that on or about October 21, 2022, a warrant was signed and processed by Carver for the physical arrest of Plaintiff Myers for Interception of Wire, Oral, or Electronic Communications

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit that on or about November 1, 2022, a search warranted was processed and executed by the Pike County Sheriff's Office for Plaintiff Myers' laptop computer, which he brought to the media room.

29. Defendants admit that a search warrant existed regarding Plaintiff Myers' cell phone. Defendants admit that Plaintiff's cell phone was seized. Defendants deny the remaining allegations set forth in Paragraph 29.

30. Defendants admit the allegations set forth in Paragraph 30.

31. Defendants admit that on or about August 10, 2023, the prosecutor presented an oral motion to dismiss the criminal complaint against Plaintiff Myers and that the court entered an order that the action be dismissed. Defendants deny the remaining allegations set forth in Paragraph 31, including footnote 2.

32. Defendants deny that the information, in this matter, was lawfully obtained. Defendants admit the remaining allegations set forth in Paragraph 32.

33. Defendants deny the allegations set forth in Paragraph 33.

34. Defendants deny the allegations set forth in Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

### COUNT 1: VIOLATION OF FREEDOM OF SPEECH
### (First Amendment)

36. Paragraph 36 does not set forth allegations that require an admission or denial.

37. Defendants deny the allegations set forth in Paragraph 37.

### COUNT 2: VIOLATION OF FREEDOM OF THE PRESS
### (First Amendment)

38. Paragraph 38 does not set forth allegations that require an admission or denial.

39. Defendants deny the allegations set forth in Paragraph 39.

### COUNT 3: MALICIOUS PROSECUTION
### (Fourth Amendment)

40. Paragraph 40 does not set forth allegations that require an admission or denial.

41. Defendants deny the allegations set forth in Paragraph 41.

### COUNT 4: MALICIOUS PROSECUTION
### (Ohio Law)

42. Paragraph 42 does not set forth allegations that require an admission or denial.

43. Defendants deny the allegations set forth in Paragraph 43.

### COUNT 5: UNREASONABLE SEARCH AND SEIZURE OF LAPTOP COMPUTER
### (Fourth Amendment)

44. Paragraph 44 does not set forth allegations that require an admission or denial.

45. Defendants deny the allegations set forth in Paragraph 45.

### COUNT 6: UNREASONABLE SEARCH AND SEIZURE OF CELLPHONE
### (Fourth Amendment)

46. Paragraph 46 does not set forth allegations that require an admission or denial.

47. Defendants deny the allegations set forth in Paragraph 47.

### COUNT 7: VIOLATION OF THE PRIVACY PROTECTION ACT OF 1980

48. Paragraph 48 does not set forth allegations that require an admission or denial.

49. Defendants deny the allegations set forth in Paragraph 49.

### DEFENSES

### FIRST DEFENSE

To the extent Plaintiffs' claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

### SECOND DEFENSE

Defendants did not act pursuant to a policy and/or custom.

### THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### FOURTH DEFENSE

The statute of limitations bars each cause of action.

**FIFTH DEFENSE**

The cellphone and laptop were searched and seized pursuant to valid search warrants. (See Exhibits A and B, attached)

**SIXTH DEFENSE**

Probable cause existed to charge Plaintiff Myers for violating R.C. § 2933.52.

**SEVENTH DEFENSE**

Plaintiff Myers, as a consequence of the legal proceeding, did not suffer a deprivation of liberty apart from the initial seizure.

**EIGHTH DEFENSE**

Plaintiff Myers did not own the laptop that was searched and seized. (See Exhibit C, attached)

**NINTH DEFENSE**

Defendants, at all times, acted in good faith and made a good faith effort to substantially comply with all duties required thereof.

**TENTH DEFENSE**

*Monell* claims cannot stand against an individual because the claim must be against a municipality for governmental conduct.

**ELEVENTH DEFENSE**

Defendants are entitled to qualified immunity.

**TWELTH DEFENSE**

The information that was published was not lawfully obtained.

**THIRTEENTH DEFENSE**

Defendants did not act with deliberate indifference, malicious purpose, in bad faith, or in a wanton or reckless manner.

6

## FOURTEENTH DEFENSE

Plaintiffs cannot recover punitive damages from a political subdivision.

## FIFTEENTH DEFENSE

Defendants acted as an objectively reasonable police officers at all relevant times and had a reasonable good faith belief in the lawfulness of their conduct.

## SIXTEENTH DEFENSE

Defendants, in their official capacities, are immune from liability for punitive or exemplary damages pursuant to R.C. § 2744.05(A).

## SEVENTEENTH DEFENSE

Defendants are immune from liability pursuant to R.C. § 2744.02.

## EIGHTEENTH DEFENSE

Defendants are entitled to the defenses, immunities, limitations, and statutory protections afforded to them pursuant to Ohio Revised Code Chapter 2744.

## NINETEENTH DEFENSE

Defendants are entitled to immunity, in their individual capacities, pursuant to R.C. § 2744.03.

## TWENTIETH DEFENSE

Plaintiff Myers was reasonably believed to have violated R.C. § 2933.52, and the materials seized were related to that offense.

## TWENTY-FIRST DEFENSE

Defendants deny any remaining allegations set forth in the Complaint which may not have been specifically addressed in the Answer.

## TWENTY-SECOND DEFENSE

Defendants reserve the right to amend this Answer in order to assert additional defenses,

including affirmative defenses, that may be uncovered or made known during the pendency of this case.

**WHEREFORE**, having fully answered, Defendants pray that:

1. This Court deny every and all relief requested by Plaintiffs;

2. This Court deny the Complaint in its entirety, with prejudice, and enter judgment for Defendants; and

3. This Court grant Defendants any such other relief as this Court deems just and proper, including attorney fees.

    Respectfully Submitted,

    /s/ Cassaundra L. Sark
    Cassaundra L. Sark (0087766)
    215 South Fourth Street
    P.O. Box 725
    Ironton, OH 45638
    (740) 532-4333
    (740) 532-7341 – Fax
    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Answer to Complaint was provided via the Court's electronic filing system (CM/ECF) on the 12th day of February 2024.

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Defendant*

9