**IN THE PIKE COUNTY COURT OF PIKE COUNTY, OHIO**

**STATE OF OHIO**

**VS.**                                            **SEARCH WARRANT**

Derek Myers                                 **CASE NO. _____**

**STATE OF OHIO**
                        SS.
**PIKE COUNTY**

**TO: TRACY EVANS SHERIFF OF PIKE COUNTY OR HIS DESIGNEE**

        As Judge of the above Court of record, I hereby command you to search within the jurisdiction of this Court in Pike County, Ohio, within three days the:

> The contents of the computer and the use of the computer or any computer software and/or communications contained on the computer. All information and communication or correspondence within the above listed items, including but not limited to, machine readable data, all previously erased data. The contents of any SD Card, Solid State Drive, Magnetic Hard Drive, CDs, DVDs, or any other USB drive or electronic or digital storage device and to search and examine any SD Card, Solid State Drive, Magnetic Hard Drive, CDs, DVDs, or any other USB drive or electronic or digital storage device

> Any and all computer operating manuals and computer hardware, including but not limited to, central processing units, external and internal drives and external storage equipment or media, terminals or video display units, any and all computer or data processing software, or data including, but not limited to hard disks, magnetic tapes, integral RAM or ROM units, thumb drives and any other permanent or transient storage devices, which relate to sections above.

NOTE: For purposes of this Search Warrant Affidavit, unless otherwise specifically indicated, the term *computer* refers to the box that houses the central processing unit (CPU), along with any internal storage devices (such as internal hard drives) and internal communications devices (such as internal modems capable of sending and/or receiving electronic mail and/or fax cards) along with any other hardware stored or housed internally. Thus, *computer* refers to hardware, software, and data contained in the main unit, printers, external modems (attached by cable to the main unit), monitors, and other external attachments (referred to as peripherals). When the computer and all peripherals are referred to as one package, the term *computer system* is used. *Information* refers to all the information on and/or in a computer system including both software applications and data. The term *computer hardware* as used in this Affidavit refers to all equipment that can collect and analyze, create, display, convert, store, conceal, and/or transmit electronic, magnetic, optical, or similar computer impulses or data. *Hardware* includes, but is not limited to, any data-processing devices (such as CPUs, processing units, memory typewriters, and self-contained laptop or notebook computers), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and/or diskettes, compact disks, tape drives and tape optical storage devices, transistor-like binary devices, and other memory storage devices). *Computer-related documentation* consists of written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware, software, or other related items. This affiant recognizes that some of the above-described property is data that will be electronic and machine-readable media which is not readable by this Affiant in its present state. Authorization is given to these persons including but not limited to the agents and employees of the Pike County Sheriff's Office, the Ohio Department of Public Safety, the Federal Bureau of Investigation, and/or Ohio Bureau of Criminal Identification and



Investigation, to seize, listen to, read, review, copy, photograph, log, and maintain the above-described property and to convert it to a cd for review. Authorization is given to make compact disc copies or recordings of this data in order to preserve and to protect the information and to thereafter seize, read, listen to, copy, and maintain the described property.

Authorization is requested by searching officers to seize, search, listen to, read, preview, review, copy, operate, and/or maintain the above-described property and to convert it to human-readable form as necessary. Being advised that data is stored in computer and telephone memory machines may be lost if disconnected from an electrical power source, authorization is requested to make human-readable copies or recordings of this data at the search location in order to preserve and protect the information and to thereafter seize, search, read, listen to, copy, and/or maintain the described property.

**Person and/or place of:** Memory storage located in/on a silver/grey in color MacBook Laptop (more fully show in exhibit A) found in the media room of the Pike County Court of Common Pleas.

### The offense in relation thereto is a violation of the following sections of the Ohio Revised Code: Interception of wire, oral, or electronic communications (2933.52)

I find, from Affidavit (s) sworn to before a Judge of a court of record, that grounds exist

**For issuing this warrant, to-wit: probable cause to search, thus you shall diligently search**

**the above person and/or place for the said property, and you shall make prompt return of**

**this warrant accompanied by an inventory of any**

**property taken to**

**Judge** _Moralejo, Pike County Court_

This warrant is requested by the State of Ohio. It shall be executed, and the reasonable cause being shown, if nighttime search, to wit: A nighttime search is requested.

**Date:** 10-28-22

_____
Judge

**Time:** 1942

2

# EXHIBIT A



STATE OF OHIO

VS.                                              AFFIDAVIT
                                                 FOR SEARCH WARRANT

Derek Myers.                                     CASE NO. _____


STATE OF OHIO
                          SS.
PIKE COUNTY

    The undersigned ("affiant" herein), being duly sworn before the undersigned judge of this court of record, says that affiant has reason to believe that within the jurisdiction of this Court in Pike County, Ohio, there is now being concealed on the property which is subject to search and seizure to wit:

> The contents of the computer and the use of the computer or any computer software and/or communications contained on the computer. All information and communication or correspondence within the above listed items, including but not limited to, machine readable data, all previously erased data. The contents of any SD Card, Solid State Drive, Magnetic Hard Drive, CDs, DVDs, or any other USB drive or electronic or digital storage device and to search and examine any SD Card, Solid State Drive, Magnetic Hard Drive, CDs, DVDs, or any other USB drive or electronic or digital storage device

> Any and all computer operating manuals and computer hardware, including but not limited to, central processing units, external and internal drives and external storage equipment or media, terminals or video display units, any and all computer or data processing software, or data including, but not limited to hard disks, magnetic tapes, integral RAM or ROM units, thumb drives and any other permanent or transient storage devices, which relate to sections above.

NOTE: For purposes of this Search Warrant Affidavit, unless otherwise specifically indicated, the term *computer* refers to the box that houses the central processing unit (CPU), along with any internal storage devices (such as internal hard drives) and internal communications devices (such as internal modems capable of sending and/or receiving electronic mail and/or fax cards) along with any other hardware stored or housed internally. Thus, *computer* refers to hardware, software, and data contained in the main unit, printers, external modems (attached by cable to the main unit), monitors, and other external attachments (referred to as peripherals). When the computer and all peripherals are referred to as one package, the term *computer system* is used. *Information* refers to all the information on and/or in a computer system including both software applications and data. The term *computer hardware* as used in this Affidavit refers to all equipment that can collect and analyze, create, display, convert, store, conceal, and/or transmit electronic, magnetic, optical, or similar computer impulses or data. *Hardware* includes, but is not limited to, any data-processing devices (such

1

as CPUs, processing units, memory typewriters, and self-contained laptop or notebook computers), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and/or diskettes, compact disks, tape drives and tape optical storage devices, transistor-like binary devices, and other memory storage devices). *Computer-related documentation* consists of written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware, software, or other related items.
 This affiant recognizes that some of the above-described property is data that will be electronic and machine-readable media which is not readable by this Affiant in its present state. Authorization is given to these persons including but not limited to the agents and employees of the Pike County Sheriff's Office, the Ohio Department of Public Safety, the Federal Bureau of Investigation, and/or Ohio Bureau of Criminal Identification and Investigation, to seize, listen to, read, review, copy, photograph, log, and maintain the above-described property and to convert it to a cd for review. Authorization is given to make compact disc copies or recordings of this data in order to preserve and to protect the information and to thereafter seize, read, listen to, copy, and maintain the described property.
Authorization is requested by searching officers to seize, search, listen to, read, preview, review, copy, operate, and/or maintain the above-described property and to convert it to human-readable form as necessary. Being advised that data is stored in computer and telephone memory machines may be lost if disconnected from an electrical power source, authorization is requested to make human-readable copies or recordings of this data at the search location in order to preserve and protect the information and to thereafter seize, search, read, listen to, copy, and/or maintain the described property.

**Person and/or place of:** Memory storage located in/on a silver/grey in color MacBook Laptop (more fully show in exhibit A) found in the media room of the Pike County Court of Common Pleas.

**The offense in relation thereto is a violation of the following sections of the Ohio Revised Code:** Interception of wire, oral, or electronic communications (2933.52)

On Friday October 28, 2022, at around 1239 hours, affiant was advised that the website the Sciotovalleyguardian.com had posted an audio recording of the testimony of Edward Jacob Wagner, which had been surreptitiously recorded during the ongoing trial on George Washington Wagner, IV. This audio recording was also posted to the Facebook accounts of the Scioto Valley Guardian, and Derek Myers.

Presiding Judge Randy Deering of the Pike County Court of Common Pleas had ruled that any witness appearing in this trial could object to their testimony being audio or video recorded. Edward Jacob Wagner had stated prior to his testimony, that he did not want his testimony either audio or video recorded and signed a form for the Court asserting that. All media was appraised of this fact prior to his testimony beginning.

Additionally, the ability to record this specific witness, Edward Jacob Wagner, was specifically litigated pursuant to a motion filed by the media, of which Derek Myers was one of the parties represented. The Court ruled that there was no exception that would permit the media (or anyone) to record the testimony of Edward Jacob Wagner, as he was deemed a witness with the same right to object that any other witness would have, pursuant to the Ohio Supreme Court Rules of Superintendence. The Court's ruling was journalized September 9, 2022.

The audio recording that was surreptitiously made of the testimony of Edward Jacob Wagner and posted on websites and Facebook accounts owned and run by Derek Myers appears to have been recorded during Edward Jacob Wagner's testimony during one of the days of October 24, 25, or 26, 2022. Derek Myers was seen in the Pike County Court of Common Pleas during this time frame.

The laptop that is the subject of this warrant appears to be the one used by Derek Myers and another person with the Scioto Valley Guardian website as it was left at the Pike County Court of Common Pleas media room with the label "guardian" in marker and tape beside it. Additionally, several witnesses confirmed that this is the laptop that Derek Myers uses when he is at the Courthouse covering the trial of George Washington Wagner, IV.

Affiant has probable cause to believe and does believe that Derek Myers is involved in the interception of wire, oral, or electronic communications in violation of ORC 2933.52, and that Derek Myers used his electronic devices such as the grey/silver Macbook laptop that is the subject of this search warrant and shown in Exhibit A to record and/or transmit an audio recording of Edward Jacob Wagner during his testimony in the trial of George Washington Wagner, IV.

The information in this search warrant and affidavit is true to the best of affiant's knowledge and belief.

Affiant requests a nighttime search warrant so that whatever law enforcement agency is available, can execute the search of the laptop that is the subject of this warrant and shown in Exhibit A, whenever affiant can find an available agency with the technology and equipment to conduct such a search. Affiant also requests an exception to the three-day rule to allow the available agency time to examine and execute this search warrant, due to the large amounts of data that are stored on modern laptops.

_____
Applicant/Affiant

Sworn to by, affiant Joshua Carver, Detective with the Pike County Sheriff's Office before me and in my presence on the

__28th__ day of, __October__ 2022

_____ Judge

_____ Time

4