UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Derek J. Myers, *et al.*,

    Plaintiffs,

v.

Pike County, OH, *et al.*,

    Defendants.

Case No. 2:23-cv-4102

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Pike County, Ohio, Sheriff Tracy Evans ("Evans"), Captain Jim Burchett, and Deputy Josh Carver (collectively, "Defendants") move for judgment on the pleadings. ECF No. 11. Derek J. Myers ("Myers") and NewsPatrol, Inc., doing business as Scioto Valley Guardian (the "Guardian" collectively, "Plaintiffs") oppose. ECF No. 17. For the following reasons, the Court **GRANTS IN PART** and **RESERVES RULING ON IN PART** the motion.

### I. FACTS[1]

In 2022, the Pike Country Court of Common Pleas held a high-profile murder trial. Compl. ¶¶ 14–18, 21 ECF No. 1. The presiding judge ordered that no one was allowed to film or record one of the witnesses (the "Witness"). *Id.* ¶¶ 21–22.

---

[1] The Court accepts Plaintiffs' factual allegations as true for the purposes of Defendants' motion. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted).

At the relevant times, Myers was a news journalist and editor-in-chief of the Guardian. *Id.* ¶ 9. An unidentified source gave Myers a recording of the Witness's testimony (the "Recording"). *Id.* ¶ 24. Neither Myers nor anyone from the Guardian made (or encouraged the making of) the Recording. *Id.* ¶ 25. Myers authored, and the Guardian published, an article summarizing the Recording (the "Article"). *Id.* ¶ 23.

Soon after, Myers was arrested, charged with a felony, and had his computer and cell phone seized and searched. *Id.* ¶¶ 26–29. The charges against Myers were eventually dismissed. *Id.* ¶ 31.

Based on these facts, Plaintiffs assert several claims: (1) violation of their First Amendment right to freedom of speech; (2) violation of their First Amendment right to freedom of the press; (3) malicious prosecution in violation of the Fourth Amendment; (4) malicious prosecution in violation of Ohio law; (5) unreasonable search and seizure of a computer in violation of the Fourth Amendment; (6) unreasonable search and seizure of a cell phone in violation of the Fourth Amendment; and (7) violation of the Privacy Protection Act. *Id.* ¶¶ 36–49.

## II. STANDARD OF REVIEW

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz*, 592 F.3d at 722 (citation omitted). A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)[.]" *Id.* at 555 (internal citations omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (quotation marks and citation omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

### III. ANALYSIS

Defendants move to dismiss the Complaint for several reasons: (1) the Guardian lacks standing to pursue its claims; (2) Plaintiffs fail to state any claim against Evans; and (3) Plaintiffs fail to state a claim for any of their claims. Mot., ECF No. 11.

A.  **Guardian's Standing**

Defendants argue that Guardian's claims should be dismissed for lack of standing. Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). If a plaintiff lacks standing, then the federal court lacks jurisdiction. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663–64 (2019). Thus, standing is a "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff "must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citing cases).

Article III standing has three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id.* at 561 (quotation marks and citation omitted).

The burden is on the party invoking federal jurisdiction to demonstrate Article III standing. *TransUnion*, 594 U.S. at 430–31 (citing *Lujan*, 504 U.S. at 561). Each element of standing must be supported with the "manner and degree

of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561 (citing cases).

The Guardian has failed to allege that it suffered an injury-in-fact. Working backwards through Plaintiffs' claims, all claims except the Frist Amendment claims allege violations of Myers's personal rights. Compl. ¶¶ 40–49, ECF No. 1. Thus, the Guardian was not injured by those alleged violations and, as a result, lacks standing to assert the same.

As to the First Amendment claim, a newspaper *could* have standing to assert a First Amendment claim. For example, a newspaper would likely have standing to challenge a law that restricted the type of content the paper could publish. But Plaintiffs are not asserting that type of First Amendment Claim. Instead, they are asserting First Amendment *retaliation* claims because the upshot of the claims is that Defendants retaliated against Myers for protected conduct. *See generally, id*. Plaintiffs do not allege that the Guardian suffered any reprisals because of the Article and, therefore, it did not suffer an injury from the alleged First Amendment violation.

The only allegations that even arguably assert an injury to the Guardian are Plaintiffs' allegations that Myers is the Guardian's editor-in-chief and that Defendants seized electronics Myers used as part of his job. Compl. ¶¶ 9, 28, ECF No. 1. Plaintiffs seem to argue that these allegations give rise to an inference that Defendants' actions interfered with the Guardian's business. *E.g.*, Resp. 5, ECF No. 17. However, Plaintiffs provide no allegations for how the

Guardian's business was disrupted, whether there were any other electronics Myers could use to perform his work, or whether any other employee could cover for Myers while he was out because of Defendants' actions. *See generally*, Compl., ECF No. 1. Accordingly, Plaintiffs' proposed inference is not a *reasonable* one and, thus, is insufficient to support Article III standing. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." (emphasis added; citation omitted)). Thus, Plaintiffs do not plausibly allege that the Guardian suffered an injury-in-fact as to the First Amendment claims.

At bottom, the Guardian's claims are dismissed without prejudice for lack of standing.

**B. Evans**

Defendants argue that the claims against Evans must be dismissed because Plaintiffs do not allege that he was personally involved in any of the alleged violations. The Court agrees. The Complaint lodges only two allegations at Evans: that he was Sheriff during the relevant time (and was thus the "final decision maker" for arrests and seizures) and that he "pushed" the prosecutor into pursuing charges. Compl. ¶ 11, p. 8, n.2, ECF No. 1. These allegations are too generalized and conclusory to support a claim against Evans. *See Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013) ("[C]laims against governmental officials alleged to arise from violations of constitutional rights cannot be founded

upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." (quotation marks and citation omitted)). Accordingly, Plaintiffs fail to state a claim against Evans and, therefore, the claims against Evans are **DISMISSED WITHOUT PREJUDICE**.

## C.     Remaining Claims

At the heart of Plaintiffs' remaining claims is whether Defendants had probable cause to arrest Myers and seize and search his phone and computer. Similarly, whether the individual Defendants are entitled to qualified immunity turns on whether they had probable cause.

Whether a defendant has probable cause to arrest, seize, or search is a fact-intensive inquiry. *E.g.*, *Gray v. Hatfield*, No. 1:16-CV-999, 2018 WL 3819031, at *9 (S.D. Ohio Aug. 10, 2018) ("Whether probable cause exists is a difficult, fact-specific determination[.]"). Perhaps unsurprisingly, then, Defendants have submitted affidavits and other evidence in support of their motion. *E.g.*, Mot. 3, ECF No. 11 (citing ECF Nos. 6-1 and 6-2). Some of this evidence contradicts—at least impliedly—the allegations in the Complaint.

Generally, courts do not consider matters outside the pleadings when ruling on a Rule 12 motion. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint

and exhibits attached thereto." (citation omitted)). This general rule is especially strong when a defendant submits evidence that contradicts the allegations in the Complaint. *Cox v. Bd. of Cnty. Comm'rs of Franklin Cnty.*, 436 F. Supp. 3d 1070, 1086 (S.D. Ohio 2020) (explaining that the court could not consider the defendant's evidence on a motion to dismiss where the "affidavits contain factual content which contradict the allegations of the Complaint").

Because Defendants' evidence contradicts the allegations in the Complaint, the usual course would be for the Court to disregard the same at this point. Here, however, that seems potentially inefficient. As explained, whether there was probable cause may well be dispositive.

Pursuant to Federal Rules of Civil Procedure 12(d) and 56(f), the Court **NOTIFIES** the parties of its intent to treat Defendants' motion for judgment on the pleadings, ECF No. 11, as a motion for partial summary judgment as to only whether Defendants had probable cause to arrest Myers and to search and seize his phone and computer.

The parties may submit any evidence they want the Court to consider **within ninety days**. If the parties need to conduct discovery, they may do so, but that discovery shall focus on only whether there was probable cause. In addition, Plaintiffs are **ORDERED** to submit a copy of the Recording and the Article for *in camera* review.

The parties shall file supplemental briefing on the remaining claims in light of their new evidence. The parties are encouraged to brief whether Defendants

had probable cause to believe Plaintiffs violated a court order and, if so, what effect *that* belief may have on Plaintiffs' claims. Relatedly, the parties are encouraged to discuss whether the Ohio statutory procedures for contempt were followed and whether such compliance (or noncompliance) has any bearing on Plaintiffs' claims. The briefing shall follow this schedule:

- Defendants' motion for summary judgment is due by **September 6, 2024, at 5:00 p.m.**
- Plaintiffs' response is due by **September 27, 2024, at 5:00 p.m.**
- Defendants' reply is due by **October 11, 2024, at 5:00 p.m.**

No brief shall exceed **twenty pages.**

## IV. CONCLUSION

For these reasons, Court **GRANTS IN PART** and **RESERVES RULING ON IN PART** the motion. The Guardian's claims are **DISMISSED WITHOUT PREJUDICE**; Myers's claims against Evans are **DISMISSED WITHOUT PREJUDICE**.

As to the remaining claims, the Court **CONVERTS** the motion for judgment on the pleadings into a motion for summary judgment.

The Clerk shall terminate ECF No. 11.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**