```
          IN THE UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                 EASTERN DIVISION

              Case No. 2:23-cv-4102

                      - - -
```

DEREK J. MEYERS, ET AL.,

                               plaintiffs,

V.

PIKE COUNTY, ET AL.,

                               defendants.


              DEPOSITION OF MICHAEL DAVIS


      The deposition of Michael Davis was taken on Thursday, August 29th, 2024, at 2:41 p.m., at the Pike County Government Center, 230 Waverly Plaza, Waverly, Ohio.

Michael Davis
August 29, 2024

### Page 2

ON BEHALF OF THE PLAINTIFFS:

    Marc D. Mezibov, Esquire (via Zoom)
    Mezibov Butler
    615 Elsinore Place, Suite 105
    Cincinnati, Ohio 45202
    mmezibov@mezibov.com

    Emmett E. Robinson, Esquire
    Robinson Law Firm LLC
    6600 Lorain Avenue, Suite 731
    Cleveland, Ohio 44102
    erobinson@robinsonlegal.org

ON BEHALF OF THE DEFENDANTS:

    Cassaundra L. Sark, Esquire
    Lambert Law Office, LLC
    215 South 4th Street
    Ironton, Ohio 45638
    csark@lambert-law.org

ALSO PRESENT:

    Derek Meyers (via Zoom)

### Page 3

INDEX

| EXAMINATION | PAGE |
|---|---|
| Mr. Robinson | 4 |

| EXHIBITS | PAGE |
|---|---|
| Exhibit 18 | 6 |
| Exhibit 19 | 7 |

Stenographer's Certificate     11

- - -

### Page 4

    MICHAEL DAVIS, being by me first duly sworn, as hereinafter certified, deposes and says as follows:

    EXAMINATION
By Mr. Robinson:

Q. Good afternoon, Mr. Davis.
A. How's it going?
Q. Could you tell me where you work currently?
A. I am the Pike County prosecuting attorney.
Q. When did you assume that position?
A. February 9th of 2023.
Q. And what job did you hold prior to that?
A. I was a private attorney in the law firm of Davis, Howard, and Brown. I've had a couple different ones. I was also an assistant prosecuting attorney for Pike County.
Q. What was your work balance there? About how many hours a week, roughly, would you work for the county at that time?
A. More than 40.
Q. When you were part time?
A. Yes.

### Page 5

Q. More than 40?
A. Yeah.
Q. So your private practice was kind of taking a back seat, I'm guessing?
A. Unfortunately, yes.
Q. Okay. Okay. And when you became prosecutor this year, how did you attain that position?
A. My -- the former prosecutor, my former boss, Rob Junk, became court of common pleas judge.
Q. Okay.
A. And our terms -- the terms kind of overlap. So I assumed his role. I was appointed. And I was named interim prosecutor, then, I was appointed a week later.
Q. So who named you interim prosecutor?
A. The Pike County commissioners.
Q. Okay. And then who appointed you a week later?
A. The Democratic party.
Q. Okay. I'm going to hand you what I've marked as Exhibit 18, if you could like a look at that?

- - -

Michael Davis
August 29, 2024

Page 6
1  (EXHIBIT NO. 18 WAS MARKED.)
2  - - -
3  A.  Yes, sir.
4  Q.  Could you tell me what this document is?
5  A.  This is a dismissal entry dated 10th of
6  August, 2023.
7  Q.  And what is being dismissed here?
8  A.  22-CR-92 State of Ohio versus Derek J.
9  Myers.
10  Q.  Are you familiar with the background of
11  this case generally?
12  A.  Just generally.
13  Q.  Okay.  This document says that the case
14  was dismissed without prejudice; is that right?
15  A.  Yes.
16  Q.  Do you have any intent as prosecutor to
17  ever reopen this case?
18  A.  I won't say that I will never reopen it.
19  There is a statute of limitations.  If somebody were
20  to bring me a case, I would consider it for grand
21  jury.
22  Q.  What caused you to dismiss the case at
23  this time?
24  A.  The case was never presented to me by the

Page 7
1  Pike County's Sheriff's Department to run to a grand
2  jury.  The rule says 60 days.  We had exceeded that.
3  We dismissed it without prejudice.
4  Q.  So based on the information you have now,
5  you have no basis to bring charges against Mr. Myers
6  regarding this incident; is that right?
7  A.  Nothing has been brought to me.
8  Q.  Okay.  I'm going to hand you what I'm
9  marking as Exhibit 19.
10  - - -
11  (EXHIBIT NO. 19 WAS MARKED.)
12  - - -
13  Q.  If you could take a look at that?
14  A.  Yes.
15  Q.  If you could tell me what that is.
16  A.  That is a letter from my office.
17  Q.  And who is that letter written to?
18  A.  To the Pike County's Sheriff's
19  Department.
20  Q.  And are you giving them some advice in
21  this letter?
22  A.  The laptop seized is to be returned to
23  the lien holder in the case against Derek Myers.
24  Q.  Okay.  And why did you advise that the

Page 8
1  laptop -- let me start over --
2  Why did you advise that the laptop should
3  be returned at this time?
4  A.  There was a lien on the laptop.  It was
5  held by Rent-2-Own.  I believe some entity like that.
6  They had indicated, to the best of my recollection,
7  that Mr. Myers had stopped paying.  They wanted their
8  property back.  And I advised them to release it.
9  Q.  What about the second sentence of this
10  letter that says, "There is no longer any reason for
11  the evidence that was obtained in this case to be
12  held."  Could you explain the reason behind that?
13  A.  I believe that my -- BCI had returned
14  this laptop and there was no evidence found on the
15  laptop.
16  Q.  Okay.  Do you know who Deborah Barrington
17  is?
18  A.  Yes.  Oh, yeah.
19  Q.  Could you just tell me, for the record,
20  who she is?
21  A.  She is an attorney in Chillicothe.
22  Q.  Do you recall ever talking to her about
23  this case?
24  A.  Yes.

Page 9
1  Q.  Did you ever indicate to her that you
2  would not be interested in prosecuting this case?
3  A.  No.
4  Q.  Did you ever indicate to her that if you
5  assumed the job as prosecutor of Pike County you
6  would not prosecute this case as it stood at that
7  time?
8  A.  No.
9  Q.  Did you ever indicate to her anything to
10  that effect?
11  A.  No.
12  Q.  And your --
13  A.  Nothing like that.
14  Q.  Okay.  Let's go off the record.
15  (Recess taken.)
16  MS. SARK:  So you -- I'm sure you're well
17  aware.  But you can either read your deposition or
18  waive it.  I'll just recommend you go ahead and waive
19  it.
20  THE WITNESS:  Waive it.  It's fine with
21  me.
22  MS. SARK:  Okay.  We'll waive.
23  MR. ROBINSON:  Quick read.
24  STENOGRAPHER:  Okay.  And does anyone

Michael Davis
August 29, 2024

Page 10

1  need this transcript?
2      MR. ROBINSON:  Yes.
3      MS. SARK:  We'll order a copy as well.
4          - - -
5      Thereupon, at 2:48 p.m., Thursday, August
6  28th, 2024, the deposition was completed.
7          - - -

Page 11

1              CERTIFICATE
   STATE OF OHIO          :
2                         :   SS:
   COUNTY OF JACKSON      :
3
4      I, Kathryn R. Thorne, Shorthand Reporter and
5  Notary Public in and for the State of Ohio duly
6  commissioned and qualified, do hereby certify that
7  the transcript of Michael Davis was taken by me and
8  before me at the time and place for the purpose
9  specified in the caption hereof.
10     I FURTHER CERTIFY that the foregoing
11 transcript of said testimony is a true and correct
12 transcript of the testimony given by the said witness
13 at the time and place specified herein.
14     I FURTHER CERTIFY that I am not a relative or
15 employee or attorney or counsel of any of the
16 parties, or financially interested directly or
17 indirectly in this action.
18     Given under my hand this 9th day of September,
19 2024
20     My Commission expires June 26, 2027
21
22         *Kathryn Thorne*
           Kathryn Thorne
23         Court Reporter
           Notary Public-State of Ohio
24