# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Derek J. Myers, et al.** | : | **Case No. 2:23-cv-4102** |
| **Plaintiffs** | : | **Judge Michael H. Watson** |
| v. | : | **Magistrate Judge Elizabeth P. Deavers** |
| **Pike County, et al.** | : | |
| **Defendants.** | : | |

_____

### PLAINTIFF'S COMBINED MOTION FOR RELIEF FROM JUDGMENT OR ORDER AND/OR TO FILE AN AMENDED COMPLAINT
_____

Pursuant to Fed. Civ. R. 60(b)(2)(6) and Federal Civil Rule 15(a)(2), Plaintiff Derek J. Myers moves for an order (1) granting him relief from the Judgment and Order (Doc. #21) dismissing his claim against Defendant Evans in his official and personal capacities without prejudice, and/or (2) permitting him to amend his complaint to provide further factual support for his claims against Evans.

For cause, Plaintiff states that he has acquired newly discovered evidence that could not have been discovered in time to respond to Defendant's motion for judgment on the pleadings, dated March 12, 2024 (Doc. #11), and that granting him such relief will further the interests of justice and judicial economy, and will cause no prejudice to Defendant Evans as is more fully explained in the attached memorandum of law.

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105

Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com


ROBINSON LAW FIRM LLC

/s/Emmett E. Robinson
Emmett E. Robinson (OH No. 0088537)
6600 Lorain Avenue #731
Cleveland, OH 44102
Phone: 216.505.6900
erobinson@robinsonlegal.org

*Attorneys for Plaintiffs Derek J. Myers and The Guardian*

**MEMORANDUM**

I. **INTRODUCTION**

On December 14, 2023, Mr. Myers filed a lawsuit against Pike County, Ohio, and various individuals affiliated with or employed by Pike County, including Tracy Evans, the Sheriff of Pike County. (Doc. #1). Sheriff Evans was sued in both his official and personal capacities. *Id*. In response to the Complaint, Sheriff Evans filed a motion for judgment on the pleading asserting, among other things, that the Complaint was deficient in failing to assert sufficient factual allegations against him. (Doc. #11). The Court agreed, and on June 27, 2024, granted the Sheriff's motion, holding that the allegations against Sheriff Evans were "too generalized and conclusory to support a claim against Evans." (Doc. #21 at PageID 161). However, Mr. Myers's claims against Sheriff Evans were dismissed without prejudice.

The Supreme Court has held that "the primary reason of dismissal without prejudice . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Intern. Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001). Here, Myers seeks the opportunity to reinstate his previous underlying claim against Sheriff Evans before the same court. For the reasons that follow, he should be permitted to do so.

II. **Discovery revealed that Evans was personally involved in and had ultimate authority to permit or disallow the physical arrest of Myers and seizure of his laptop computer and cell phone.**

The gravamen of the Court's opinion dismissing the constitutional claims against Sheriff Evans is that Myers failed to allege what Evans did (or failed to do) under color of state law in either his personal or official capacities to violate Myers' rights under the First, Fourth and Fourteenth Amendments. *See Moniz v. Cox,* 512 Fed. Appx. 495, 499

(6th Cir. 2013) (claims against a government official alleged to arise from violation of Constitutional rights must "show what each defendant did to violate the asserted right.")

As discovery has been conducted, the record now establishes that Sheriff Evans was not simply a passive supervisor in connection with the physical arrest of Mr. Myers and unlawful seizure of his laptop and cell phone. Instead, he had full authority to stop—but instead decided to approve—of his subordinates' decisions to seize Mr. Myers' laptop and cell phone. Further he placed his imprimatur on the issuance of a criminal complaint and the service of process authorizing Myers' physical arrest.[1] In such circumstances, law enforcement officials' actions or inactions are sufficient to hold him or her accountable for any ensuing constitutional violation stemming from the arrest. *Id.* (citing *Sheehee v. Luttrel,* 199 F.3d 295, 300 (6th Cir. 1999) ("a supervisory official's failure to supervise, control, or train the offending individuals is not actionable unless the supervisor either encourages the specific incident of misconduct or in some other way was directly a participant in it.")

According to the testimony of Sheriff Evans, it was known to him and his deputies that the common pleas judge's order prohibiting the recording or videotaping of a non-assenting witness's testimony in the Wagner trial may have been violated. (Doc. 27 at PageID 179). Specifically, Sheriff Evans was informed that Sergeant Carver was "going to charge" Myers with a criminal violation. *(Id.).* Moreover, Evans testified without equivocation that he has the "oversight authority" to agree or disagree with what Carver intended to do, and that he assented to this issuance of further process based on what Carver had told him. (*Id.* at PageID 181). In short, Sheriff Evans specifically agreed that

---

[1] The deposition of Sheriff Evans was taken by Myers on August 9, 2024 (Doc. #27).

"[A]fter talking with Sergeant Carver and knowing that he had filled out this offense report, citing a certain statue as being violated," that he had the authority to prohibit the investigation, to prevent the seizure of Mr. Myers' laptop and cell phone, and to prevent Mr. Myers' arrest but that, rather than doing so, he had determined that he was "okay with the way in which [Sergeant Carver] was proceeding" on the case. (*Id.* (Evans agreeing that he "had the authority, if [he] had decided to exercise it, to say, 'No, I don't want you to [1] investigate this matter,'" "'[2] seize Derek Myers's laptop,'" "'[3] seize his iPhone,'" or "'[4] have him arrested'" but that he opted not to take any of these steps because he was "okay with the way in which [Carver] was proceeding").

In further explanation for his decision to allow Carver to proceed with Myers' arrest, Sheriff Evans conceded that following—and because of—his discussion with Carver before the arrest warrant was issued, he had been given a version of facts which in Evans' view, would have authorized the issuance of the warrant. (*Id.* PageID 182). According to Sheriff Evans, the communications between him and his deputies concerning the arrest of Myers was the manifestation of the official policy of the Sheriff's department. (*Id.*). And, this protocol was consistent with Sheriff Evan's responsibility to "see to it that none of his deputies or officers in his department violate anybody—any citizens' constitutional rights." (*Id.* PageID 183).

Sheriff Evans' testimony amply supports an inference that, but for his decision to authorize the issuance of a complaint and arrest warrant, Myers would never have been arrested, or had his constitutional rights violated thereby. These facts, if true, necessarily satisfy the standard for the sufficiency of factual assertions by a plaintiff for a plausible claim against a law enforcement officer for the violation of the citizen's individual rights.

III. **CONCLUSION**

In sum, Myers respectfully submits that these newly discovered facts, unknown to him at the time he filed his original complaint and at the time he responded to the motion to dismiss, demonstrate good cause for relief from the judgment dismissing his claims against Sheriff Evans and/or that justice requires he be permitted to amend his complaint in accordance with the evidence set forth herein.

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com


ROBINSON LAW FIRM LLC

/s/Emmett E. Robinson
Emmett E. Robinson (OH No. 0088537)
6600 Lorain Avenue #731
Cleveland, OH 44102
Phone: 216.505.6900
erobinson@robinsonlegal.org

*Attorneys for Plaintiffs Derek J. Myers and The Guardian*

## CERTIFICATE OF SERVICE

I hereby certify that on April __, 2024, all counsel of record were served via the Court's CM/ECF system.

s/ Marc D.  Mezibov_____
Marc D. Mezibov
